This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETROGLYPH MANAGEMENT ASSOCIATION, INC., a New Mexico for-Profit Corporation,**

Plaintiff-Appellee/Cross-Appellant,

v.                                                    **NO. 34,806**

**SIMP MCCORVEY, III,**

Defendant-Appellant/Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Carpenter Hazlewood Delgado & Bolen, P.C.
Mark A. Holmgren
Javier Delgado
Kellie J. Callahan
Tempe, AZ

for Appellee

Simp McCorvey III
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant appeals, pro se, from a district court judgment awarding Plaintiff damages and attorney fees on its complaint for breach of restrictive covenants. Plaintiff filed a cross-appeal. We issued a calendar notice proposing to dismiss both appeals because Defendant's motion to reconsider is still pending in the district court. Defendant has filed a pleading that we construe as a memorandum in opposition. *See* Rule 12-210(D) NMRA. Plaintiff has responded with a memorandum indicating that it agrees with our calendar notice. We dismiss the appeal and the cross-appeal.

As we observed in our calendar notice, the judgment was entered on June 8, 2015. [RP 509] Defendant filed a timely notice of appeal on June 17, 2015. [RP 516] Defendant filed a motion for reconsideration on June 18, 2015, which is within thirty days of the judgment. [RP 517] Plaintiff filed a timely notice of cross-appeal on July 6, 2015. [RP 522]

"[O]ur appellate jurisdiction is limited to review of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights." *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (alteration, internal quotation marks, and citation omitted). Pursuant to Rule 12-201(D)(1) NMRA, when a post-judgment motion is filed that

could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion. Defendant does not point our any error in fact or law in our calendar notice. Accordingly, because the district court judge never expressly ruled on the merits of the post-trial motion in this case, we dismiss both the notice of appeal and the notice of cross-appeal for lack of a final, appealable order. *See* Rule 12-201(D)(1) (requiring order that expressly disposes of the motion).

**IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

3